IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:05CR155-T |
| | ) | |
| NICOLE BROADFOOT | ) | |

## **ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on July 14, 2005. For the following facts and reasons, I conclude that the defendant should be detained pending trial in this case.

There is probable cause to believe that the defendant has engaged in a conspiracy to possess with intent to distribute methamphetamine in violation of 18 U.S.C. § 846. The defendant has not rebutted the presumption established by this charge, *see* 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk the defendant will not appear and will endanger the safety of another person or the community.

I find that the credible testimony and information submitted at the hearing establishes by both a preponderance of evidence with respect to flight and clear and convincing evidence with respect to dangerousness that the defendant has been actively involved with interstate transportation of methamphetamine, frequently bringing it from Atlanta, Georgia to Montgomery, Alabama. The evidence shows in addition that the defendant was involved in obtaining court documents for the purpose of identifying

cooperating witnesses for the government in its investigation of methamphetamine trafficking.  The defendant has no stable residence, is unemployed and is a user of methamphetamine and other illegal drugs.  She has a history of falsely identifying herself to law enforcement officers.  While the defendant's mother testified that her daughter could reside with her under conditions of house arrest, the court concludes this condition is inadequate to insure the appearance of the defendant or protect the community.  The evidence shows that the defendant often absented herself from her mother's home and that her mother did not know the whereabouts of the defendant and was not familiar with the persons with whom the defendant associated.  The evidence shows that many of those persons are also involved with the use and or distribution of methamphetamine.  The court concludes that the defendant's family cannot exert sufficient control over the defendant to insure her appearance or that she will not continue drug trafficking.  Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

   Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

    Done this 14th day of July, 2005.


                                            /s/Charles S. Coody
                                     CHARLES S. COODY
                                     CHIEF UNITED STATES MAGISTRATE JUDGE